UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET O'CONNOR,<br>    Plaintiff,<br><br>    v.<br><br>JORDAN HOSPITAL, PETER HOLDEN,<br>President and CEO, DEBORAH SULLIVAN,<br>WILLIAM KIRKWOOD, Vice President of<br>Organizational Development, HARVEY<br>KOWALOFF M.D.,<br>    Defendants. | CIVIL ACTION<br>NO. 10-CV-11416 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff's original Complaint included eight claims, six of which had no colorable basis in the law. Judge Young agreed, and he dismissed those six counts under Rule 12(b)(6) in December 2010.  Judge Young also dismissed all of the individually-named defendants from the case entirely.  Even though those six claims had no colorable legal basis whatsoever, plaintiff reasserts four of them (and no new claims) in her Amended Complaint. She does so even though she has not added any new allegations that avoid, or even relate to, those fatal deficiencies identified by the defendants and Judge Young in December 2010. For the very same reasons Judge Young dismissed those counts and the individual defendants, in December 2010, defendants request that the case be returned to that original posture (i.e. before plaintiff amended her Complaint to revive the dismissed claims and defendants), which would leave Jordan Hospital as the only defendant, and Counts I and II (both alleging retaliatory discharge) as the only claims.

**PROCEDURAL HISTORY**

On August 17, 2010, plaintiff filed her original Complaint in this matter alleging that Jordan Hospital terminated her in retaliation for allegedly "reporting" that a patient's transfer to another hospital in March 2010 violated the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. §1395dd ("EMTALA"). *See generally Complaint*. Plaintiff's Complaint asserted eight counts against Jordan Hospital, its Board of Directors, and three individual defendants[1], arising out of these facts for: violation of EMTALA's "whistleblower" provision; violation of a state whistleblower statute (Mass. Gen. L. ch. 149, §185); violation of the Massachusetts Healthcare Provider Whistleblower Statute (Mass. Gen. L. ch. 149, §187); violation of Articles 10 and 16 of the Massachusetts Declaration of Rights (two counts); retaliation under Mass. Gen. L. ch. 151B; and intentional and negligent infliction of emotional distress (two counts) .

Jordan Hospital and the individual defendants filed two separate motions to dismiss. Plaintiff did not submit a written opposition to the individual defendants' motion to dismiss, and likewise did not offer <u>any</u> arguments in her brief opposing Jordan's motion, nor could she, to salvage her claims under: (1) ch. 151B, (2) ch. 149, §185, (3) the Massachusetts Declaration of Rights; and, (4) for negligent and intentional emotional distress. Defendants' motions to dismiss those counts went unopposed. The Court (Young, J.) dismissed all but two of plaintiff's counts against Jordan Hospital, leaving only the EMTALA whistleblower claim and the similar claim under the Massachusetts Healthcare Provider Whistleblower Statute. All counts against all of the individual defendants were dismissed.

---

[1] Deborah Sullivan, who is named in the Amended Complaint, was not included in the original complaint, but all of the bases for dismissing the individuals apply equally to her.

Discovery closed on September 1, 2011.  On January 18, 2012, the Court granted plaintiff's Motion to Amend her Complaint.  At that same hearing, the Court reopened the discovery period for an additional ninety days in light of the Amended Complaint.  Plaintiff filed her Amended Complaint and Jury Demand ("Amended Complaint") on January 27, 2012.  The effect of the Amended Complaint was to reinsert into the case many of the counts and defendants that the Court (Young, J.) had already dismissed.[2]

## FACTS ALLEGED IN THE AMENDED COMPLAINT

Although plaintiff alleges some additional facts in the Amended Complaint[3], the EMTALA violation remains the core of her retaliation lawsuit.  On March 4, 2010,[4] Jordan Hospital transferred a patient who was in labor, at that patient's request, to another hospital (South Shore Hospital) before stabilizing her; this transfer violated EMTALA.  The risk manager at South Shore Hospital first identified the violation.  *Amended Complaint*, at ¶¶ 33-34.  At the time, plaintiff worked as Jordan Hospital's risk manager.  *Id.*  The South Shore Hospital risk manager voiced concerns to plaintiff that the patient transfer may have violated EMTALA.  *Id.*, at ¶ 34.

After being informed of the EMTALA violation by the South Shore Hospital risk manager, plaintiff sought legal advice from Jordan Hospital's attorney, who instructed her that

---

[2] There are two counts from the original complaint that plaintiff has not attempted to revive: (1) the ch. 151B claim, and, (2) the claim for retaliation under ch. 149, §185.  Notably, the Proposed Amended Complaint filed with plaintiff's Motion to Amend included the earlier-asserted count under Mass. Gen. L. ch. 149, §185 even though the statute applies only to municipal employers.  But plaintiff has not included this claim in her Amended Complaint.

[3] In particular, the Amended Complaint references three occurrences not mentioned in the original Complaint that are purportedly related to her termination: (i) a letter plaintiff drafted to the son of a patient who died at Jordan (*see Amended Complaint*, at ¶¶ 11-17); (ii) a presentation plaintiff gave to the Jordan Hospital Patient Care Assessment Committee concerning specimen labeling errors (*see id.*, at ¶¶ 18-24); and, (iii) plaintiff's role in Jordan's investigation into the death of a patient (*see id.*, at ¶¶ 57-61).  But none of these newly-pleaded facts bear on the arguments set forth in this motion.

[4] The Amended Complaint, like the original Complaint, includes the incorrect date of March 26, 2010, for the EMTALA violation.  There is no dispute that the transfer was March 4 and Jordan's self-report letter to regulators, signed by defendant Holden, about the violation was dated March 15, 2010.

Jordan Hospital should self-report the violation to CMS. *Amended Complaint*, at ¶ 39. Plaintiff then discussed the violation with Jordan management, *id.*, at ¶ 40, and relayed the attorney's recommendation that Jordan should self-report the incident. *Id.*, at ¶ 44. Under the applicable federal regulations, Jordan Hospital was not required to report the EMTALA incident; South Shore Hospital was the only entity with a duty to report. *See* 42 C.F.R. §489.20(m). Jordan thereafter self-reported the EMTALA violation in a letter sent by defendant Peter Holden (Jordan's President and CEO). *Id.*, at ¶¶ 47-48. Plaintiff alleges that, prior to Jordan's self-report, defendant Kowaloff researched the potential penalties and fines associated with such an EMTALA violation. *Id.*, at ¶ 42. Mr. Holden also allegedly said, in one such discussion, that he was "not telling you (Plaintiff) not to report it, but let's make sure we need to." Plaintiff's employment with Jordan was terminated two months later.[5]  *Id.*, at ¶¶ 66-68.

## ARGUMENT

The Court must again dismiss plaintiff's Amended Complaint in its entirety as to defendants Holden, Sullivan, Kirkwood, and Kowaloff, and dismiss Counts II, III, IV, V, and VI as to Jordan Hospital, under Fed. R. Civ. P. 12(b)(6), for failure to state claim for relief. Although plaintiff is subject to minimal pleading demands at this stage, these demands "are not tantamount to nonexistent requirements." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988). To the contrary, plaintiff must make a showing that she is entitled to relief to avoid dismissal, and she may not rely on "bald assertions" and "unsupportable conclusions" in doing so. *Hennessy v. Dennehy*, 2010 WL 3464234, *6 (D. Mass. 2010)

---

[5] Plaintiff's termination followed numerous warnings to plaintiff concerning her deficient performance – problems that pre-dated the EMTALA issues raised in the Amended Complaint. In January 2010, plaintiff took on a new position at Jordan Hospital, with additional responsibilities and job functions she had not previously performed. Plaintiff failed in this new role, and that poor performance led to her termination.

As Judge Young held when he dismissed these same claims in 2010, plaintiff fails to state a claim against any of the individual defendants for any of her six counts, and she fails to state a claim against Jordan Hospital for all but Counts I (EMTALA) and II (Healthcare Provider Whistleblower Statute). That ruling is the law of the case which must be upheld (*see* Section I, *infra*). Moreover, as previously argued, both of plaintiff's emotional distress claims (Counts V and VI) are barred by the exclusivity provision of the Workers' Compensation Act (*see* Section II, *infra*). Finally, both of plaintiff's claims under the Massachusetts Declaration of Rights (Counts III and IV) fail because she does not allege any state action (*see* Section III(A), *infra*), her at-will employment is not a protected constitutional interest (*see* Section III(B), *infra*), and she does not bring them under the Massachusetts Civil Rights Act as she must (see Section III(C), *infra*).

The four individuals are also entitled to dismissal of the remaining two whistleblower claims (Counts I and II) because neither statute permits suits against individuals – only health care <u>facilities</u> can be liable under EMTALA and the Massachusetts Healthcare Provider Whistleblower Statute (*see* Section IV, *infra*).

The Amended Complaint does nothing to remedy these deficiencies that served as the bases for Judge Young's dismissal, nor could it. Therefore, all counts except Counts I and II against Jordan Hospital must be dismissed once again.

**I.      The Court's previous ruling on Jordan Hospital's and the individual defendants' motions to dismiss is the law of the case and must be upheld.**

Apart from the claims' substantive failure to state legal claims, discussed in Sections II and III, *infra,* the individual defendants and four of the six counts[6] against Jordan Hospital must

---

[6] That would leave Counts I and II in the case against Jordan Hospital only for alleged violation of the EMTALA and Healthcare Provider Whistleblower Statute.

be dismissed because the Court's prior ruling dismissing these claims and defendants in 2010 is the law of the case and should be honored.  *See Negron Almeda v. Santiago*, 579 F.3d 45, 50-51 (1st Cir. 2009); *United States v. Rivera-Martinez*, 931 F.2d 148, 151 (1st Cir. 1991).

Courts are, and should be, "loathe" to disturb prior decisions in a case.  *Negron Almeda*, 579 F.3d at 51 (*quoting Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)). The law of the case doctrine "operates to protect the settled expectations of the parties and promote orderly development of the case…[and] 'ensures judicial efficiency and prevents endless litigation….'"  *Suel v. Secretary of H.& H.S.*, 192 F.3d 981, 984-85 (Fed. Cir. 1999). The law of this case – Judge Young's earlier dismissals based on the same law and same material facts[7] – should be treated respectfully and, in the absence of exceptional circumstances, which do not exist here, should be reaffirmed.

To allow a plaintiff to simply replead previously-dismissed claims, and reinsert previously-dismissed defendants, over and over is contrary to principles of fairness and efficiency and should be rejected. Defendants are entitled to rely on the Court's prior ruling. This principle is so strong that in similar cases where claims were repleaded after a dismissal, as plaintiff has done here, Courts often impose Fed. R. Civ. P. 11 sanctions.  *See, e.g.,Owens v. Fleet Car Lease, Inc.*, 2010 WL 2542028, *2 (S.D. Ill. June 18, 2010) ("Repleading a claim previously rejected by the Court is the sort of conduct Rule 11 was meant to regulate."); *Acevedo v. Monsignor Donovan High Sch.*, 2006 WL 2594877 (D.N.J. Sept. 11, 2006).  Given that there are no exceptional reasons for revisiting the Court's prior Rule 12(b)(6) dismissal – there are no new material facts or allegations in the Amended Complaint that bear on these legal arguments –

---

[7] The Amended Complaint adds several new factual allegations, but none of them have any relevance to the legal bases that required dismissal before by Judge Young, and likewise require dismissal now.  The grounds for the motion are not fact-specific.

6

that decision should be given its proper weight: the individual defendants should, again, be dismissed, and all but Counts I and II should be dismissed against Jordan Hospital.

II. **Plaintiff's claims for intentional and negligent infliction of emotional distress (Counts V and VI) are precluded by the exclusivity provision of the Workers' Compensation Act, and must be dismissed.**

The Supreme Judicial Court has made clear that the exclusivity provision of the Workers' Compensation Act bars all common law claims for personal injury, including plaintiff's Counts V and VI that allege emotional distress arising out of an employment relationship. *Fitzgibbons' Case*, 374 Mass. 633, 637 (1978). Both of plaintiff's emotional distress claims arise out of her allegedly retaliatory discharge by defendants. *Amended Complaint*, at ¶¶ 87, 91. Irrespective of Jordan's motive for discharging her, by linking the emotional distress claims to the termination of her employment relationship, plaintiff's Amended Complaint, like the original Complaint, makes clear that the Workers' Compensation Act – and, by virtue of its exclusivity provision, *only* the Workers' Compensation Act – is the proper vehicle under which she may assert personal injury claims, including those for emotional distress. *See* M.G.L. c. 152, § 24. Because the Worker's Compensation Act is the exclusive remedy for plaintiff's emotional distress claims allegedly arising out of her termination at Jordan Hospital, she is precluded from bringing Counts V and VI. *Foley v. Polaroid Corp.*, 381 Mass. 545, 550 (1980) (emotional distress claim was a "personal injury arising out of and in the course of…employment," and that therefore "no action for intentional infliction of mental distress may be maintained"); *Simmons v. Merchants Mutual Ins. Co.*, 394 Mass. 1007, 1007 (1985) ("[P]laintiff's claim for intentional infliction of emotional distress is barred by the exclusivity provision of our Workers' Compensation Act.").

Given the clarity of the legal authority on this issue, plaintiff should never have included these emotional distress claims in her original Complaint, let alone in her Amended Complaint

after defendants briefed the issue in December 2010. Plaintiff did not oppose the dismissal of these claims in December 2010, and her inclusion of them in the Amended Complaint is hard to justify. In short, the Amended Complaint has done nothing to correct this fatal flaw, and both emotional distress counts must again be dismissed.

**III.    Plaintiff's claims under the Massachusetts Declaration of Rights (Counts III and IV) must be dismissed as to all defendants because: (1) plaintiff does not plead the essential element of state action; (2) plaintiff cannot, as a matter of law, state a claim under either Article X or Article XVI because she was an at-will employee; and, (3) plaintiff does not bring her claims under the Massachusetts Civil Rights Act.**

Plaintiff endeavors to put a square peg in a round hole by trying to transform an alleged wrongful termination into multiple constitutional violations. This attempt fails for several, independent reasons discussed below. Once again, the law on these points is quite clear, and plaintiff should not have included these constitutional claims in her original or Amended Complaint. Plaintiff implicitly acknowledged this by failing to offer any arguments whatsoever in her opposition to defendants' motions to dismiss these constitutional claims before Judge Young in December 2010 – just as with the emotional distress claims discussed above. Now, having had the benefit of defendants' briefing of each of these deficiencies in defendants' first set of motions to dismiss (not to mention Judge Young's dismissal of these claims based thereon), it is inexplicable that plaintiff has again included these meritless claims under the Massachusetts Declaration of Rights. Counts III and IV must both be dismissed again.

**A.    Plaintiff cannot sue under the Massachusetts Declaration of Rights because she does not, and cannot, allege any state action.**

State action is a prerequisite for claims brought under the Massachusetts Constitution, including those brought under Articles X and XVI of the Massachusetts Declaration of Rights (i.e. the First Part of the Massachusetts Constitution). *See Edsall v. Assumption College,* 367 F. Supp. 2d 72, 78 (D. Mass. 2005) (dismissing claim brought under Article X for failure to allege

state action); *Com. v Noffke*, 376 Mass. 127, 134 (1978) ("Articles 16 and 19 protect the rights of free speech and assembly from abridgement by the government.  Therefore, guaranties of those articles do not extend to the conduct here which occurred on the property of a private employer."); *Com. v. Hood*, 389 Mass. 581, 585-586 (1983) (*citing Com. v. Noffke* in rejecting an Article 16 free speech defense by defendants convicted of trespassing because they were doing so on *private property*); *see also Redgrave v. Boston Symphony Orchestra, Inc.*, 855 F.2d 888, 904 (1st Cir. 1988) ("[Free speech] traditionally has content only in relation to state action.").  Plaintiff's constitutional claims against both Jordan Hospital and the individual defendants fail as a matter of law because Jordan Hospital is a private employer and "claims under the Massachusetts Constitution require a 'deprivation of rights fairly attributable to the State.'"  *Delmotte v. Laidlaw Envtl. Services, Inc.*, 46 F. Supp. 2d 89, 97 (D. Mass. 1999) (quoting *Tynecki v. Tufts Univ. Sch. of Dental Med.*, 875 F. Supp. 26, 30 n. 5 (D. Mass. 1994)). Counts III and IV are premised entirely on plaintiff's discharge by Jordan.  But plaintiff herself admits, in the Amended Complaint, that Jordan Hospital is a private corporation. *Amended Complaint*, at ¶ 2.  Plaintiff's failure to plead any state action requires the dismissal of Counts III and IV.

> **B.**   **At-will employment is not a protectable constitutional interest as a matter of law and, thus, these claims must be dismissed.**

Plaintiff premises both of her claims under the Massachusetts Declaration of Rights solely on her allegedly retaliatory discharge from Jordan Hospital.  *Amended Complaint*, at ¶¶ 80, 84.  But plaintiff does not plead, because she cannot, that she was anything other than an at-will employee of Jordan who could be terminated at any time for any reason.  As a result, plaintiff does not state a claim for a violation of either Article X or XVI of the Declaration of Rights.

Turning first to Article X, it is a basis requirement of an Article X due process claim that the plaintiff be deprived of some protected property interest. *Welch v. Paicos*, 66 F. Supp. 2d 138, 163 (D. Mass. 1999). But the only purported property interest of which plaintiff claims she was deprived was her "continued employment" by Jordan Hospital. *Amended Complaint,* at ¶ 80. It is black letter law that, for an at-will employee like plaintiff, the right to continued employment does not constitute a property interest that is protectable by due process. *King v. Town of Hanover*, 116 F. 3d 965, 969 (1st Cir. 1997) (dismissing a federal due process claim because "[Plaintiff] was an at-will employee who could be dismissed at any time. He had, therefore, no protected property interest in his employment."); *Columbus v. Biggio*, 76 F. Supp. 2d 43, 55 (D. Mass. 1999) (dismissing a state due process claim because "[a]s an at will employee….[plaintiff] has no protected property interest.").[8]

Likewise, plaintiff's claim under Article XVI that defendants abridged her free speech rights by discharging her also fails to state a claim because of her status as an at-will employee. As an at-will employee, plaintiff did not have a right to ongoing employment, and therefore her discharge could not have, as a matter of law, constituted interference or abridgment of her constitutional right to free speech. *Nolan v. CN8*, 2010 WL 3749466, *3 (D. Mass. 2010) ("[C]ourts have also held that termination of employment does not constitute 'interference' with a constitutional right where there were grounds not to renew a contract for term or *where the employee was at-will*.") (emphasis added); *Desrochers v. Tiax LLC*, 2003 WL 21246150, *6 (Mass. Super.); *see also Korb v. Raytheon Corp.*, 410 Mass. 581 (1991).

---

[8] These were brought against private parties, not the state, because they were brought under the Massachusetts Civil Rights Act.

### C. Plaintiff's claims under Articles X and XVI of the Massachusetts Declaration of Rights must be dismissed because she does not assert them under the Massachusetts Civil Rights Act as required.

Counts III and IV must also be dismissed because plaintiff has, once again, improperly brought them directly under the Massachusetts Declaration of Rights rather than under the Massachusetts Civil Rights Act, as required. *Orell v. UMass Memorial Medical Center, Inc.*, 203 F. Supp. 2d 52, 71 (D. Mass. 2002) ("To bring a claim of a violation under the Massachusetts Constitution, plaintiff must allege a cause of action under the Massachusetts Civil Rights Act."); *Grubba v. Bay State Abrasives Div. of Dresser Indus. Inc.*, 803 F. 2d 746, 748 (1st Cir. 1986) (affirming a district court's decision to not recognize a claim brought directly under the Massachusetts Constitution where the plaintiff "ignored the Massachusetts Civil Rights Act, a fully adequate procedural vehicle" for adjudicating the claim). This is the second time plaintiff has attempted to circumvent the rigorous requirements of the Civil Rights Act – such as the requirement that plaintiff prove that the alleged interference with her rights was through "threats, intimidation or coercion" (M.G.L. c. 12, § 11H) – presumably because she knows she cannot satisfy those requirements. Defendants raised this same argument in their first set of motions to dismiss before Judge Young, which plaintiff did not even oppose. She has now had two chances to state a claim; she cannot state one under the Massachusetts Declaration of Rights and those counts must be dismissed. *See Grubba,* at 748 ("[W]here….the plaintiff has ignored the Massachusetts Civil Rights Act, a fully adequate procedural vehicle….we find no error in the district court's failure to recognize [the claims].").

## IV. Counts I and II must be dismissed as to the individual defendants because both EMTALA and the Healthcare Provider Whistleblower Statute authorize suits only against hospitals.

The remaining two counts for retaliation (Counts I and II) must, again, be dismissed against the individual defendants because, plain and simple, they are people, not hospitals. The whistleblower provisions under EMTALA and the state Healthcare Provider Whistleblower Statute only authorize suits against hospitals and not against individual physicians or administrators. This distinction is made clear on the face of both statutes. *See* 42 U.S.C. § 1395dd(i) ("*A participating hospital* may not penalize….") (emphasis added)[9]; Mass. Gen. Laws ch. 149, § 187(b) ("*A health care facility* shall not…take any retaliatory action…") (emphasis added). Moreover, the definition section of each statute further underscores the legislature's intent to exclude individuals from liability. EMTALA defines "participating hospital" as "a hospital that has entered into a provider agreement under section 1395cc of this title." 42 U.S.C. § 1395dd(e)(2). The individuals plainly have not done so. The Massachusetts Healthcare Provider Whistleblower Statute similarly defines "Health care facility" as an entity or person "that employs health care providers." Mass. Gen. Laws. ch. 149, § 187(a). The Massachusetts Appeals Court has made clear that this language encompasses, "the *facility providing the care*, i.e., the hospital, clinic, nursing home, or other health care center.") (emphasis added). *Commodore v. Genesis Health Ventures, Inc.*, 63 Mass. App. Ct. 57, 66 (2005). None of the individuals are alleged to, nor do they, "employ" anyone. In fact, the Amended Complaint describes all of the individuals as being employees, not employers. *See Amended Complaint*,

---

[9] *See also Lopes v. Kapiolani Medical Center for Women & Children*, 410 F. Supp. 2d 939, 951 n. 11 (D. Haw. 2005) (EMTALA creates a private right of action against hospitals, not against individuals); *Morres v. Deer's Head Hospital Center*, 2008 WL 2991178, *3 (D. Md. July 25, 2008) (dismissing EMTALA claim against individual defendants because EMTALA "does not establish a cause of action against hospital administrators").

¶¶3-6. Counts I and II do not apply to the individuals, but only to Jordan Hospital, and the counts must be dismissed against them.[10]

## CONCLUSION

Nothing has changed in the plaintiff's Amended Complaint to cure the deficiencies in the original Complaint that led to dismissal. The individuals must again be dismissed from this case entirely, and the case should proceed, as it had been for over a year, as one against Jordan Hospital for Counts I and II.

JORDAN HOSPITAL, PETER HOLDEN, President and CEO, DEBORAH SULLIVAN, WILLIAM KIRKWOOD, Vice President of Organizational Development, HARVEY KOWALOFF, M.D.,

By their attorneys,

 /s/   Callan G. Stein
Bruce A. Singal (BBO# 464420)
Michelle R. Peirce (BBO# 557316)
Callan G. Stein (BBO# 670569)
DONOGHUE, BARRETT & SINGAL, PC
One Beacon Street
Boston, MA 02108

Dated:   February 17, 2012                              (617) 720-5090

---

[10] Even if plaintiff could bring the whistleblower claims against the individuals, which she cannot, the Amended Complaint still fails to allege facts sufficient to state a claim against any of them. For example, plaintiff does not allege that Mr. Kirkwood took *any* actions to retaliate against her. In fact, the only mention of Mr. Kirkwood in the entire complaint is that he, as Vice President of Organizational Development, participated in the meeting at which plaintiff was terminated (*see Amended Complaint*, at ¶¶ 66-68). The allegations specific to the other individual defendants are likewise scant, and do not come close to stating a claim against any of them.

## **CERTIFICATE OF SERVICE**

  I, Callan G. Stein, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 17th day of February, 2012.

                 */s/   Callan G. Stein*
                 Callan G. Stein