UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET O'CONNOR,<br><br>Plaintiff,<br><br>v.<br><br>JORDAN HOSPITAL,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION<br>)    NO. 10-CV-11416<br>)<br>)<br>)<br>) |

## DEFENDANT JORDAN HOSPITAL'S MOTION TO RECONSIDER

Jordan Hospital appreciates that motions to reconsider should be brought in truly limited circumstances and, therefore, undersigned rarely brings them. But a United States Supreme Court case decided one week after this Court's summary judgment ruling makes clear that this Court applied the wrong legal standard to plaintiff's claims. The application of this incorrect legal standard warrants reconsideration and judgment in Jordan Hospital's favor for the reasons summarized briefly below.

This Court, without discussion or analysis, incorrectly applied the plaintiff-friendly "motivating factor" causation standard to plaintiff's retaliation claims instead of the stricter "but for" standard—a standard that plaintiff cannot satisfy. The Supreme Court's decision several days after this ruling leaves no doubt that this was legal error and that it affected the outcome. *See University of Texas Southwestern Med. Ctr. v. Nassar*, 2013 WL 3155234 (June 24, 2013) (a copy of this opinion is attached hereto at Exhibit A for the Court's convenience). In *Nassar*, the Supreme Court held that the higher "but for" causation standard applies under Title VII's retaliation provision, which makes it unlawful to terminate employees "because" they oppose an

unlawful employment practice. *Id.*, at 10. The word "because" in Title VII—the same language used in both of the statutes at issue here—establishes a far higher burden for plaintiffs. *Id.*, at 8; *see also id.*, at 14. Indeed, the Supreme Court observed, apropos to plaintiff's case here, that claims are "far" less likely to survive the stricter "but for" causation standard on summary judgment. *Id.*, at 13. By this holding, the Supreme Court has confirmed that Jordan Hospital was correct in advocating that plaintiff must show that she would not have been terminated "but for" her protected activity because both retaliation statutes in plaintiff's Amended Complaint use the words "because." *Id.; see also Gross v. FBL Fin. Serv., Inc.*, 557 U.S. 167, 174 (2009)("because" language in ADEA required "but for" causation); *Palmquist v. Shinseki*, 689 F.3d 66, 74-76 (1st Cir. 2012)(same; Rehabilitation Act); *Lipchitz v. Raytheon Co.*, 434 Mass. 493, 504-05 (2001)(151B).[1]

Even viewing the evidence in her favor, plaintiff's claims do not survive this heightened standard. This is particularly true in light of a fatal flaw in plaintiff's case that was not addressed in the Court's ruling, a defect that bears directly, and materially, on causation. The Court's opinion did not address the undisputed, and fatal, fact that during the same meeting at which plaintiff "reported" the EMTALA violation to senior management she *simultaneously informed everyone at that meeting that South Shore Hospital was going to report the EMTALA violation to federal regulators.*[2] This critical fact is not disputed; plaintiff made this important concession

---

[1] Some cases have incorrectly suggested, in dicta and without discussion, that something other than the "but for" standard applies. *See Ritten v. Lapeer Regional Med. Ctr.*, 611 F. Supp. 2d 696, 716 (2009)(the parties agreed, without briefing, to apply the Title VII standard to an EMTALA case even though that statute does not have the same "because" language found in EMTALA); *Romero v. UHS of Westwood Pembroke, Inc.*, 72 Mass. App. Ct. 539 (2008)(referencing "substantial or motivating part" standard under state whistleblower statute in dicta but case decided on non-causation grounds.). As the cases that actually analyze the standard make clear, this dictum is wrong as a matter of law, and, in any event, the Supreme Court's decision in *Nassar* leaves no doubt that the proper standard is "but for" causation.

[2] This argument was raised in Jordan's summary judgment brief at p.26.

during her deposition (at pp. 97:2-13) and even in her Amended Complaint (at ¶¶39-43) (deposition pages attached hereto at Exhibit B for the Court's convenience).

Plaintiff's entire retaliation case is built around her assertion that Jordan Hospital blamed her for the regulatory review of the Hospital that followed South Shore Hospital's and Jordan Hospital's reports of the EMTALA violation. *See* O'Connor Depo. Tr., at pp. 107:22-109:1, 110:6-13, 451:15-19, 453:15-454:5 (Exhibit C); Amended Complaint, at ¶¶ 48-52. But no reasonable jury applying the stringent "but for" causation standard could conclude that Jordan Hospital management would retaliate against plaintiff for causing a regulatory review by making a report that they knew South Shore Hospital was *also* going to file, and *did* file within several days of Jordan's report, because either way—whether Jordan filed the report or South Shore Hospital filed it—the regulatory review of Jordan's operations was going to occur. *See* O'Connor Depo. Tr., at pp. 71:1-5, 71:14-18, 75:16-19 (Exhibit D). It is implausible that Jordan terminated plaintiff "because" she, in essence, simply raised an issue that everyone knew South Shore Hospital was going to report anyway.[3] If management did not know about South Shore Hospital's inevitable report, this theory might make sense. But plaintiff admitted that management learned all of this information—that there was a violation and that South Shore Hospital was going to report it—at the very same meeting and knew it would result in a regulatory review. This is a classic "improbable inference" that the summary judgment standard eschews, *see Alvarado v. Donahoe*, 687 F.3d 453, 458 (1st Cir. 2012), yet it is the linchpin of plaintiff's claim now that the Court has correctly determined that the only "whistleblowing" at issue in the case is the so-called EMTALA report.

---

[3] This implausibility explains why plaintiff has not come forward with a single piece of evidence beyond her own subjective "belief" (Decision p.20) that there was ill motive.

Although Jordan raised this defect—that upper management knew there would be a report and, therefore, a regulatory review whether or not Jordan self-reported it—in its summary judgment motion,[4] that argument is not mentioned in the opinion's otherwise-comprehensive summary of Jordan's EMTALA arguments (p.12). Nor is this material fact discussed anywhere in the opinion's multiple descriptions of that key meeting with senior management where plaintiff supposedly "reported" the EMTALA violation (pp. 8, 20).

It is understandable why this argument would be passed over given the other alleged whistleblowing (e.g., Patient X) with which the Court had to grapple in the lengthy summary judgment pleadings. However, now that the Court has correctly granted summary judgment on all but the alleged whistleblowing for the EMTALA reporting (that is now the only predicate for the state and federal Counts) and the Supreme Court has ruled in *Nassar,* the significance of this argument comes into clear focus and requires summary judgment in Jordan Hospital's favor.

### Request for Oral Argument

Jordan Hospital requests an oral argument on this motion, preferably on the same day as the July 24, 2013, status conference that has already been scheduled.

JORDAN HOSPITAL,
By its attorneys,

*/s/ Michelle R. Peirce*
Bruce A. Singal (BBO# 464420)
Michelle R. Peirce (BBO# 557316)
Callan G. Stein (BBO# 670569)
DONOGHUE, BARRETT & SINGAL, P.C.
One Beacon Street
Boston, MA 02108
(617) 720-5090

Dated:   July 3, 2013

---

[4] This argument was raised in Jordan's summary judgment brief at p.26.

4

## CERTIFICATE OF SERVICE

       I, Michelle R. Peirce, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 3rd day of July, 2013.


                    */s/ Michelle R. Peirce*
                    Michelle R. Peirce