UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARGARET O'CONNOR, <br>     Plaintiff, <br> <br> v. <br> <br> JORDAN HOSPITAL <br>     Defendant. | CA No. 10-CV 11416 |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER

Plaintiff, Margaret O'Connor, hereby moves this Honorable Court to deny the defendants' Motion to Reconsider. As explained in more detail below, Defendants' cannot overcome the obvious genuine issues of material fact that exist, regardless of the standard applied. Plaintiff brings this action seeking redress for violations of the Emergency Medical Treatment and Active Labor Act ("EMTALA") and the Massachusetts Healthcare Provider Whistleblower Act M.G.L. c. 149, §187. Plaintiff disclosed and threatened to disclose to the Department of Public Health what she reasonably believed to be ongoing violations of EMTALA and 105 CMR 130.331 ("Serious Reportable Events") to multiple members of Jordan Hospital senior management. Plaintiff has established that a causal connection exists between her protected activity and the subsequent adverse employment action, her termination.

## I. ARGUMENT

### A. The Court has Correctly Ruled that Plaintiff Has Stated A Claim For Relief Under EMTALA and Under The Massachusetts Health Care Whistleblower Act (M.G.L. c.149 §187) Using Either the "Because Of" as well as the "But For" Analysis.

The "because of" language contained in both Massachusetts State Whistleblower statutes, M.G.L. c.149, §187 and c.149 §185, is analogous to the language contained in the EMTALA whistleblower provision, addressed herein, and thus requires only that Plaintiff demonstrate that the protected activity was a "substantial or motivating part" in Defendant's adverse employment action.

Plaintiff's objection to, or refusal to participate in, an activity, policy, or practice which the plaintiff reasonably believed to be in violation of a law, rule, regulation, or professional standard of practice and which she reasonably believed posed a risk to public health, <u>must be a substantial or motivating part of the adverse employment action</u>, for purposes of retaliation claim under Massachusetts medical provider whistleblower statute. M.G.L.A. c. 149, § 187(b)(3).*Romero v. UHS of Westwood Pembroke, Inc.*, 72 Mass. App. Ct. 539, 893 N.E.2d 355 (2008) (emphasis added). To prevail on a claim under the analogous Massachusetts's whistleblower statute, for non-healthcare providers, the Courts have reinforced that a public employee must show that he engaged in protected activity and that his participation in that activity played a substantial or motivating part in retaliatory action. M.G.L.A. c. 149, § 185. *Welch v. Ciampa*, 542 F.3d 927 (1st Cir. 2008); See *Estock v. City of Westfield*, 806 F. Supp. 2d 294 (D. Mass. 2011); *Taylor v. Freetown*, <u>479 F.Supp.2d 227, 241 (D.Mass.2007)</u> (The objection must be "a substantial or motivating part" of the adverse employment action, construing <u>G.L. c. 149, § 185</u>).

Defendant cites a recent decision in *University of Texas Southwestern Med. Ctr. v. Nassar*, 2013 WL3155234 (June 24, 2013) as the sole reason this Court should reconsider its summary judgment ruling. Defendant states that "...this Court applied the wrong legal standard to plaintiff's claims." (Def. Mtn. to Reconsider, p. 1).

In *Nassar*, Respondent filed suit alleging two Title VII violations, racially and religiously motivated harassment by the defendant and retaliation for complaining about said harassment, in violation of §2000e–3(a), which prohibits employer retaliation "because [an employee] has opposed . . . an unlawful employment practice . . . or . . . made a [Title VII] charge."

The Court in *Nassar* ruled that under Title VII, a plaintiff making a retaliation claim under §2000e–3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer. It is important to note that the Court in *Nassar* remanded the case for further proceedings consistent with the opinion rendered so that the lower court could determine whether the facts alleged were a motivating factor or a but-for cause of the alleged adverse action by the employer. This decision is indicative of the fact that regardless of the applicable standard used by the Court there still remains a genuine issue of material fact, as there is in the instant case, which precludes summary judgment.

Unlike in Nassar, the instant case, under both EMTALA and M.G.L. c.149, §187, is a whistleblower claim not a discrimination claim or retaliation for opposition to employment discrimination as covered in Title VII. As previously stated, The "because of" language contained in M.G.L. c.149, §187, is analogous to the language contained in the EMTALA whistleblower provision, which requires only that Plaintiff demonstrate

that the protected activity was a "substantial or motivating part" in Defendant's adverse employment action.

However, even under the stricter standard that defendant deems applicable, the Plaintiff has alleged that her whistle-blowing activities were a direct and proximate cause, as well as the "but-for" cause of her termination.

The Defendant now claims that the Court's decision should be reversed because "no reasonable jury applying the stringent "but for" causation standard could conclude that Jordan Hospital management would retaliate against plaintiff for causing a regulatory review by making a report that they knew South Shore Hospital was also going to file..." (Def. Mtn. Reconsider, p. 3). Defendant conveniently ignores their former contention that "At best, Plaintiff's complaint could be read to claim she 'reported' the EMTALA incident internally at Jordan to 'senior management'." (Defendants' Motion to Dismiss and Memorandum of Law in Support Thereof, p. 7.) (emphasis added).

The defendant argues, without developed argumentation, that "It is implausible that Jordan terminated plaintiff "because" she, in essence, simply raised an issue that everyone knew South Shore Hospital was going to report anyway." (Def. Mtn. to Reconsider, p. 3). The defendant fails to mention that the retaliatory action was not just as a result of informing Jordan 'senior management' about the EMTALA violation at the initial meeting. At said meeting Holden stated to Plaintiff that he was "not telling you (Plaintiff) not to report it, but let's make sure we need to." Amended Complaint, at ¶42.

The plaintiff has also established that she was retaliated against because of her continued reporting of the EMTALA violation. It is undisputed that plaintiff took the lead in the investigation of the EMTALA violation (Docket Entry #62-3, p. 9) and that she

prepared the reporting letter sent to CMS (Docket Entry #62-3, p. 13). Kowaloff admits that it was Plaintiff who was responsible for the EMTALA report. "She (Plaintiff) was responsible for the report as I have understood it." Kowaloff Depo. Tr., at pp. 57:7-58:2 (Exhibit 2).

In an email dated March 15, 2010, from Plaintiff to Kowaloff, she states that "we (Plaintiff) just completed the letter on the EMTALA violation. If it reads well to you let me know and Denise can send it for me tonight, Peter (CEO Peter Holden) has to sign." (Exhibit 6) After the filing of the EMTALA report and the subsequent investigation by DPH, Plaintiff was targeted and devalued by Sullivan and others in senior management. O'Connor Depo. Tr., at pp. 452:15-17 (Exhibit 12).

Additionally, Plaintiff has stated that she was retaliated against because following the submission of Plaintiff's EMTALA report Jordan Hospital received a survey from the Department of Public Health who acts on behalf of Centers for Medicare and Medicaid to investigate EMTALA violations. Jordan Hospital was found to have violated the EMTALA statute as a result of the aforementioned handling of "Patient" in addition to other violations under 42 C.F.R. §489.24, Responsibilities of Medicare Participating Hospitals in Emergency Cases. (Exhibit 8); (Exhibit 25); (Exhibit 29). Additionally, the report found as many as four prior EMTALA violations, each with a potential fifty-thousand dollar ($50,000) fine. *Id.*

On April 27, 2010, DPH Enforcement Director, Lee Berryman, stated that Jordan's failure to comply with EMTALA and 105 CMR 130.130 "…may result in revocation of their license, or fines in the amount of $500 per day per offense for the first

offense, or $1,000 per day per for subsequent offenses, for each day that any such violation shall continue after your being notified by the Department."(Exhibit 29).

Certainly a jury could reasonably conclude that her whistle-blowing activities which led to a potential fine for Jordan Hospital of more than $250,000 was the "but-for" cause of her termination.

In *Lopes v. Kapiolani Med. Ctr. for Women & Children*, genuine issues of material fact existed which precluded defendant's summary judgment in a therapist's action against a medical center alleging that he was denied promotion and later fired in retaliation for anonymously reporting EMTALA violations during transfer. Emergency Medical Treatment and Active Labor Act, § 1867, 42 U.S.C.A. § 1395dd. *Lopes v. Kapiolani Med. Ctr. for Women & Children*, 410 F. Supp. 2d 939 (D. Haw. 2005).

In the instant case, similar to *Lopes*, genuine issues of material fact exist as to whether Plaintiff's reporting of the EMTALA violation resulted in her termination, regardless of which standard is applied. Whether the defendants retaliatory actions were "a substantial or motivating part" or the "but-for" cause of her termination, a jury and the court would be well justified in making the connection in the instant case where Plaintiff engaged in protected conduct and was retaliated against and terminated as a result.

With respect to summary judgment, it follows that, if a plaintiff has produced evidence sufficient to support a prima facie case of retaliation, and has further offered evidence sufficient to support a determination either that the employer's reason was a pretext or that the actual reason for the adverse action was retaliation, summary judgment for a defendant is inappropriate. The ultimate issue of retaliation, raised by the plaintiff's and defendants' conflicting evidence as to the defendants' motive, is not for a court to

decide on the basis of affidavits, but is for the fact finder after weighing the circumstantial evidence and assessing the credibility of the witnesses. *Blare v. Husky Injection Molding Sys. Boston, Inc.*, 419 Mass. 437, 445, 646 N.E.2d 111, 117 (1995)

## CONCLUSION

For the multiple reasons cited above, the Plaintiff respectfully requests that this Honorable Court deny the Defendants' Motion to Reconsider.

Respectfully submitted,
For the Plaintiff,
By Her Attorney,

_____
Timothy M. Burke, Esquire
BBO #065720
LAW OFFICES OF TIMOTHY M. BURKE
160 Gould Street, Suite 100
Needham, MA 02494
(781) 455-0707

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on July 22, 2013.

_____